Judge Ricardo S. Martinez

12-CR-00098-DSGNTN

FILED ENTERED
LODGED RECEIVED
MAY 25 2012
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,
Plaintiff,
v.
DJUAN O. GARDNER,
Defendant.

NO. CR12-098RSM

PLEA AGREEMENT

The United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, and Nicholas W. Brown, Assistant United States Attorney for said District, and Defendant, DJUAN GARDNER, and Defendant's attorney, Robert Leen, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

1. The Charge. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter pleas of guilty to the following charge contained in the Indictment: Felon in Possession of a Firearm, as charged in Count 1, in violation of Title 18, United States Code, Section 922(g)(1).

By entering this plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering Defendant's pleas of guilty, Defendant will be placed under oath. Any statement given by Defendant



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

under oath may be used by the United States in a prosecution for perjury or false statement.

2. Elements of the Offenses. The elements of the offense of Felon in Possession of a Firearm, as charged in Count 1 of the Indictment, are as follows:

First, the Defendant knowingly possessed a firearm;

Second, firearm had been shipped or transported in interstate or foreign commerce; and

Third, at the time the Defendant possessed the firearm, the Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

3. The Penalties. Defendant understands that the statutory penalties for the offense of Felon in Possession of a firearm, as charged in Count 1, are as follows: imprisonment for up to ten (10) years, a fine of up to two hundred and fifty thousand dollars ($250,000.00), a period of supervision following release from prison of up to three (3) years, and a one hundred dollar ($100.00) special assessment.

Defendant agrees that the special assessments for each count shall be paid at or before the time of sentencing.

Defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictions and requirements. Defendant further understands that if supervised release is imposed and he violates one or more of its conditions, he could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offenses, as required by law.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs or restitution, is due and payable immediately, and further



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

4. Rights Waived by Pleading Guilty. Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

a. The right to plead not guilty and to persist in a plea of not guilty;

b. The right to a speedy and public trial before a jury of Defendant's peers;

c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

e. The right to confront and cross-examine witnesses against Defendant at trial;

f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h. The right to appeal a finding of guilt or any pretrial rulings.

5. United States Sentencing Guidelines. Defendant understands and acknowledges that, at sentencing, the Court must consider the sentencing range calculated under the United States Sentencing Guidelines, together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offenses; (2) the history and characteristics of the Defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

further crimes of the Defendant; (6) the need to provide the Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among Defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

a. The Court will determine Defendant's applicable Sentencing Guidelines range at the time of sentencing;

b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

6. Ultimate Sentence. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

7. Statement of Facts. The parties agree on the following facts in support of Defendant's pleas of guilty and sentencing. Defendant admits he is guilty of the charged offense.

a. In January 2012, officers began utilizing a Confidential Informant (CI) who managed a car dealership in Renton, Washington. Prior to working with law enforcement, the CI developed a relationship with multiple individuals with prior convictions, selling them cars and holding himself out as someone connected to large scale drug importers associated with Mexican drug cartels.



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

b. In January 2012, the Defendant, Djuan O. GARDNER, approached the CI and told him that he had heard that the CI was interested in purchasing firearms. The CI explained that he was interested in buying firearms on behalf on an associate with ties to a drug cartel and that would be transported to Mexico. While no firearms transactions look place at that time, the two remained in contact and on March 24, 2012, GARDNER told the CI that he wanted to sell him a couple of weapons. GARDNER also sent the CI a picture via text message of the two weapons that he wanted sell him.

c. Law enforcement officers then set up a controlled transaction, during which GARDNER sold the CI two firearms: a Norinco, Model SKS, 7.62 x .39mm caliber rifle, serial number 1708982; and a High-Point, Model JHP, .45 caliber semi-automatic pistol, serial number X4164535. The CI paid GARDNER a total of $1,700 for the firearms, both of which were loaded when delivered. The parties agree that this offense involved the possession of two firearms.

d. The Defendant acknowledges that both the Norinco rifle and High-Point pistol were in his possession on or about the dates alleged in the Indictment. He further acknowledges that both were not manufactured in the State of Washington and therefore traveled in interstate or foreign commerce.

e. The Defendant has multiple prior felony convictions, including the six convictions listed in the Indictment and an Attempt to Elude conviction, and was therefore prohibited from possessing firearms.

8. Sentencing Factors. The parties agree and stipulate that the following Sentencing Guidelines provisions apply to this case:

a. A base offense level of 20, pursuant to USSG § 2K2.1(a)(4), as the Defendant committed the offense subsequent to sustaining a felony convictions for a crime of violence; and

b. A four-level enhancement, pursuant to USSG § 2K2.1(b)(6), transferring a firearm with reason to believe that it would be transported out of the United States.



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

The parties further agree that no other provisions of the United States Sentencing Guidelines apply to this case. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

9. Acceptance of Responsibility. The United States acknowledges that if Defendant qualifies for an acceptance of responsibility adjustment pursuant to USSG § 3E1.1(a), and if the offense level is sixteen (16) or greater, Defendant's total offense level should be decreased by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the authorities of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

10. Non-Prosecution of Additional Offenses. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, or that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub.L. No. 105-119 (1997).



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

11. Breach, Waiver, and Post-Plea Conduct. Defendant agrees that if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the reinstitution of any charges in the Indictment that were previously dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that is in violation of Defendant's conditions of release or confinement (examples of which include, but are not limited to: obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer or Court), the United States is free under this Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration. Such a sentence could include a sentencing enhancement under the United States Sentencing Guidelines or an upward departure from the applicable sentencing guidelines range.

12. Voluntariness of Plea. Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter these pleas of guilty.

13. Statute of Limitations. In the event this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) 30 days following the date of non-acceptance of the Plea Agreement by the Court; or (2) 30 days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

14. Completeness of Agreement. The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 25th day of May, 2012.

DJUAN GARDNER
Defendant

ROBERT LEEN
Attorney for Defendant

for TODD GREENBERG
Assistant United States Attorney

NICHOLAS W. BROWN
Assistant United States Attorney



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970